Okay, our next case this morning is case number 4, 130937 People v. Jones for the appellant Susan Wilhelm for the appellate Kathy Sheppard. Please proceed. May it please this Court, Counsel, I'm Susan Wilhelm with the Office of the State Appellate Defender and I represent the petitioner Tyson Jones. Today I'm going to focus on the first part of my first argument that Tyson Jones' trial counsel, William Soane, labored under a per se conflict of interest. Prior to Jones' trial, Soane also represented Arthur Britt, the state's witness against Tyson Jones, and Tyson Jones never waived this conflict of interest. We're here at the second stage of post-conviction proceedings. The standard here is whether Mr. Jones' petition and the accompanying documentation make a substantial showing of a constitutional violation. In making this determination, the Court must assume the truth of the allegations. So, attached to Jones' petition, we have docket entries from the Vermillion County Circuit Court showing that Soane represented the state's jailhouse snitch witness, Arthur Britt, while he simultaneously represented Tyson Jones. The petition included Soane's motion seeking appointment of new counsel for Arthur Britt, and it stated in Soane's own words that he represented Tyson Jones, that he represented Arthur Britt, and counsel cannot give individual loyalty to Arthur Britt and Tyson Jones. Tyson Jones had the fundamental right to the effective assistance of counsel, the right to have the undivided loyalty of counsel free from any conflict of interest. This right demands indulging every reasonable presumption against its waiver. A per se conflict exists when facts about the attorney's status by themselves create a conflict. Nothing more than defense counsel's contemporaneous representation of a state's witness is necessary to establish a per se conflict. When a per se conflict of interest exists, the defendant is not required to show actual prejudice. Instead, reversal is automatic unless the record reflects that the defendant was aware of the conflict and knowingly waived his right to conflict-free counsel. And here, the record does not reflect that Jones waived his right at all. He explicitly stated in his affidavit he was not aware of this conflict, and this assertion is unrebutted by the record. Tyson Jones has made a substantial showing of the existence of a per se conflict of interest, and the trial court's dismissal of his petition was definitely an error. Well, the trial court said that people versus free and people versus fields control in this matter, not people v. Murphy. What do you say to that? I say that he was incorrect. The problem here is that when you're talking about a state's witness against your client, pretrial contemporaneous representation is a per se conflict. The problem with this is that it's not – when William Stone went to the court and was relieved of Mr. Britt's case, all of his attorney-client privilege doesn't suddenly disappear. He still owes his prior duty of loyalty to Mr. Britt for whatever conversations they had, whatever information he has from him. And so when Mr. Britt is on the stand testifying against Tyson Jones, Mr. Stone is constrained by what he knows. And those conflicts come out in subtle ways. That's why we don't have to show actual prejudice here with a per se conflict. In this court, from Dobson and Murphy, it has been very clear that when a state's witness has been represented, when a lawyer represents both a state witness and the defendant, even though he has been removed from that witness's case prior to the trial, that attorney-client privilege and the dangers inherent in it still carry over through the trial. And this court's found that those are per se conflicts that require reversal. So if the attorney doesn't ask to be removed from the case, or does ask to be removed, as soon as the attorney realizes there's a conflict, is that still a problem? It's still a problem, Your Honor, because being asked to be removed from the case does not negate all the information that he still has about both clients. He can't block that information out. At the same time, he has an attorney-client privilege to both of them. The solution in this case is pretty simple. William Stone comes forward. He says, I have a loyalty to this person, and I have a loyalty to that person. They could have taken him off Jones' case and let him remain with Arthur Britt. He's not going to testify at all against Tyson Jones. I'm sorry, Tyson Jones is not going to testify against Arthur Britt. In this case, the problem is that Arthur Britt had a prior relationship with William Stone, and when you talk about it happening, it did not actually happen immediately either. This happened over a course of about a month or so. Mr. Britt went to the police on the 28th of January. He was interviewed the 1st of February. Mr. Stone did not petition to get removed from his case until the 22nd of February. So there is a period of time in there. Again, that's the problem with these per se conflicts of interest. As this court has found, what you're looking for in the record are things that are often shown by omission. These conflicts show up in very subtle ways, and defendants should not be put in a position where they're sitting there at trial wondering, why is my attorney not cross-examining him? Why is my attorney not using all this information that would help my case? Because of the subtle nature of these conflicts and a per se conflict of interest, we are not required to prove actual prejudice. Instead, it is an automatic reversal. Counsel, can you clarify something for me? I know that on March 16th of 2005, that amended agreed order was entered with respect to the DT case and the TR case, and that was after the jury had been selected in your client's trial, correct? Yes. There was a speedy trial issue happening here. Mr. Jones did not waive his right to speedy trial. He wanted to go immediately. They empaneled a jury on the 9th, but then they held the case over for a week. So yes, at that date, he still represented him on both cases. And what I find most interesting about that hearing, Your Honor, is the fact that Mr. Jones was removed from the courtroom before this even happened. Tyson Jones, one of the reasons the trial court dismissed this, I'm sorry, that the state moved to dismiss this, was because they said, well, he could have raised this before. Tyson Jones very clearly stated in his affidavit, he had no inkling that any of this was happening during his trial. He complained after his trial in a crankle motion that he did not feel like William Soane did a proper job of impeaching Arthur Britt, but he didn't know why. He had no idea what was happening. And again, all of this could have been negated by having everybody in the courtroom, by having them all talk about what was going on, Mr. Soane represents both of you, how should we go forward, and getting a signed waiver. But there's none of that in this record. The remedy for improper dismissal at the second stage is typically remand for an evidentiary hearing. However, there are cases where this court has the authority to bypass an evidentiary hearing and remand for a new trial. In People v. Whitfield, the landmark MSR case, his post-conviction petition was dismissed at the second stage on a motion to dismiss, just like we are here. On appeal, the state argued the court needed to remand for a third stage evidentiary hearing. The state argued that although Whitfield alleged she didn't know that MSR would be added to his sentence, and that although it was uncontested from the record that MSR was never mentioned at his plea hearing, Whitfield should still be required to prove at an evidentiary hearing that he wasn't aware that MSR would be added to his sentence. And the court disagreed. The court said the record contains no evidence that shows that Whitfield knew about his term of MSR, so his awareness at a second stage has to be taken as true. And here, Tyson Jones has to show two things, that William Soane simultaneously represented Jones and Britt, and that he did not sign a waiver after full admonishments of the conflict in court. The record shows simultaneous representation. Jones' transcripts show the dates that Soane was appointed to represent him and the dates that he appeared on his behalf in the courtroom. And attached to his petition, we have docket entries from the court showing that Soane simultaneously represented Arthur Britt. We have Soane's motion to the court, which attests that he represents both Britt and Jones, and has a conflict in representing both. So you're saying there's nothing of value or benefit that would come from proceeding to a third stage? There's nothing at this point, Your Honor, that the State could show to refute the finding that there is a per se conflict of interest in this case. For a per se conflict of interest, we need to show contemporaneous representation, which the post-conviction petition and its supporting affidavits clearly show. And they are taken as true at this stage. The other thing that's required to refute this, once we have a clear conflict of interest, a per se conflict of interest, only a waiver can cure this conflict. Well, what if the evidence was Soane's representation of Britt, that the trial court simply made a docket entry that Soane was appointed to represent Britt, and that was the extent of it? No contact between Soane and Britt. Would you still have this Murphy situation, the per se conflict, and no need for an evidentiary hearing? Yes, I think you would, Your Honor. But is that the case we have here? Didn't he appear with him on two occasions? That is not the case we have here. He did appear with him on two occasions. We have that three-week gap where obviously there are discussions going on because when he finally files a motion saying that I have a conflict with these people, he clearly says, Arthur Britt is testifying against Tyson Jones. Something happened in those three weeks. Some conversations occurred. And so that is not the conversation here. The other thing, Your Honor, a lot of this could be cured by something that we do not have in this record, and that's a waiver and a conversation about the conflict in open court. There is no waiver. There are no transcripts. There's nothing in here that shows that my client Tyson Jones was aware of this conflict and waived it. And in this situation, we have proof of an unwaived per se conflict in the record. This Court has the authority to reverse Tyson Jones' conviction, and I ask that you do so. The reason I ask about the third stage here is if it did go back for a third stage evidentiary hearing and the trial court held that and then found that there was no per se conflict, you're saying that that would be an error just as a matter of law? As a matter of law, given the transcripts here, given the docket entries here, we know that William Soane represented both of these two men at the same time. We know that he had contemporaneous representation of both of these people, and the only thing that cures that conflict is not in our record. The only thing that cures this conflict is a written, signed waiver and admonitions to my client on the record, and that did not occur. So at this point, there is nothing that the State could put on at an evidentiary hearing that would refute that we have a per se conflict and it is unwaived. And I would point out, this is a 2005 conviction. I'm here today on a timely filed 2008 post-conviction petition. This is his first post-conviction. Don't let Tyson Jones wait any longer to have a fair trial with unconflicted counsel. And before I step down, I want to note this court's jurisprudence on per se conflicts has been very clear in your past few cases. There is no de minimis rule. A simultaneous pretrial representation without a waiver creates a per se conflict of interest. Counsel, there was one other thing I wanted to make sure I was accurate on. On March 7th of 2005, which I believe was the day the jury was selected in your client's case, the police were interviewing Britt regarding his potential testimony against your client. Is that right? Your Honor, I think I need to correct you. According to my timeline, and I'm sorry because I don't have the sites. No, that's fine. I have that he gives his recorded statement on March 7th. Right. And on March 9th, the jury is selected. Now, was the jury selected on March 7th and adjourned until March 9th? No, the jury is selected on the 9th and adjourned until the 16th. Okay, thank you. But it is not until March 16th that the degreed order is signed to appoint the conflict counsel for Britt and get sown completely off all of his cases. And again, it is on March 9th after the jury is in panel, but before the continuance. And after my client has been removed from the room, that there's a conversation in the courtroom about removing William Sown from the final Arthur Britt case that he was still on at that time. And that interview did take place on the 7th? According to my notes, yes, Your Honor. Unfortunately, like I said, I don't have my sites on my notes right now. Okay, all right, thank you. I can double check that. Thank you, Your Honors. Thank you. Ms. Shepard, please. As to the March 7th date, I've just looked in my brief, and I have that on March 7th the jury in the defendant's case was selected. Britt gave his tape-recorded statement that's shown in an exhibit to the petition. On March 7th as well? On March 7th.   Britt's name appeared in the defendant's record on the list of potential state witnesses. So that's a distinguishing factor. Actually, and then also the next day, just for the timeline, the warrant was issued. A warrant was issued for what was then the key witness against defendant, Christopher Fields, but when Fields failed to appear. And then the next day the trial court granted over objection the state's request for a one-week continuance to go and find Fields. After the jury was selected, were they adjourned until a certain date? What do you have for that? I have that there was a one-week continuance granted on March 9th, and then on March 10th, let's see, trial began on March 16th. So the key witness, Fields, had failed to appear, and he never came back, and Britt became the key witness. So jury selected on the 7th? Yes. And continued until the 9th, and then on the 9th a continuance based on Fields' failure to appear to the 16th? Is that how it happened? The jury was selected on the 7th. I don't see continuances until March 9th when it was continued for a week because Fields didn't appear, and then trial began on March 16th. Okay, thank you. Okay. There are distinguishing factors about this case that mean that the decisions in Dobson, Fields, and Murphy don't preclude a finding that there was no per se conflict. Unlike in this case, let's see, in Murphy, let's get this here. Okay. Counsel was representing, in Murphy, counsel was representing the state witness when and after the witness was named in discovery as a state witness. Here we didn't have Britt being named as a state witness until the day of trial. Unlike in this case in Murphy, counsel never withdrew or tried to withdraw once there was any notice of any potential conflict. Also we look at, as the cases are instructing us, what counsel's involvement in the witness's case was at the time that he was representing defendant. And here we have only three such instances of involvement in Britt's case. Well, counsel, let me ask you this. Do you agree that the rule is if there is contemporaneous representation, there is a per se conflict? Yes. How do we not have that here? Do you dispute that counsel was representing both of them at the same time? What we argued in our brief and what I think that the courts that decided the cases that the defendant relies on would find is that, I don't want to get into the semantics of what constitutes representation, but there is, it's not an unlimited application of the per se conflict. So you're saying it just can't be pro forma just because technically there's a docket entry out there that says you represent both. But is that what we have in this case, even if we were to go down that path? We don't know. We only have those three instances of what, according to the petition and its attachments, which we take as true at this stage, of course. We only have three instances of someone representing Britt and two of them were directed at withdrawing from the case. And I have to point out that the motion for appointment of counsel other than the public defender said that counsel had been appointed to represent Britt. It didn't say that he had been actively representing Britt. And I have to note also that it was the public defender's office, of course, that was appointed to represent Britt. And after that, there were multiple public defenders who appeared on Britt's behalf. And it wasn't until February 9th, 2004, the public defender was appointed, let's see, when was that? August 25th. Yes, August 25th, 2003. It wasn't until February 9th, 2004, that Soane is mentioned for the first time in any of his docket sheets. And before that, public defender McIntyre had appeared on Britt's behalf and they said that they were ready for trial and Britt didn't appear on February 9th. And after that, Britt didn't reappear until December 7th when the public defender was appointed and he wasn't named as a potential witness again until March 7th, 2005. So at the time that counsel Soane was representing defendants, we have counsel Soane's motion to withdraw, or motion for appointment of counsel other than the public defender, filed on February 22nd, 2005. Then Soane appears at the hearing on that motion, which is granted on March 2nd. And the only other instance that any of the attachments to the petition show that Soane was involved in Britt's representation while he also represented a defendant was this conversation which post-conviction counsel describes in his affidavit six years later where Britt supposedly tells him, yes, I went to, I tried to contact Soane about this conversation that I had with the defendant in which he talked about the offense, but Soane never got back to me. As opposing counsel stated, is there an inference to be drawn from the request to no longer represent Britt that some knowledge had been gained, that there was some discussion, some information that had been transmitted that would let the attorney know, hey, I've got a problem here? No, I would say not, because again, it was for appointment of counsel other than the public defender, and there were many assistant public defenders who had appeared on Britt's behalf. So it wasn't necessarily Soane. Soane said that he was appointed to represent Britt, but that's something that would be useful to explore in an evidentiary hearing. What exactly was Soane's involvement in Britt's case? Okay, Soane's motion was not based on a conflict? It was, but it was for, he said, I got it here, it's an attachment to the petition. Soane says, I was appointed to represent Britt. I was also appointed to represent Defendant Jones. There's a potential for a conflict. Did it mention that Britt was going to be a witness against? I think it said that there was a potential that Britt might be a witness against. He's a potential witness against. But he moved for appointment of counsel other than the public defender, not necessarily saying, it's like, you know, all of us have been involved in the public defender's office in representing this potential state witness, appoint counsel other than the public defender. Soane was not saying that he himself had any particular special knowledge. So he was saying, I'm currently appointed to represent Britt, and other people in my office have represented Britt, so none of us can represent Britt because he's going to be potentially a witness in this case. There's nothing to say that Soane alone was the counsel for Defendant. I mean, somebody had to file that motion. And so Soane was the one who filed it. He said, I was appointed to represent Britt and Defendant. The docket sheets that Defendant attaches to his petition show that it was the public defender's office that was appointed to represent Britt. And then after that, many different assistant public defenders represented him. And in fact, on October 31st, it was, it shows that the case was called for a jury trial. Defendant was present with Mr. McIntyre. And there were other, Soane never appeared on Britt's behalf until February 9, 2004, when it says he appeared on Britt's behalf, but Britt failed to appear. So is your position that Soane never represented Britt? We look at, well, let me get down to what is representation. I mean, what we look at is what happened at the time Soane represented Defendant, of course. And Defendant was not charged until November, until like nine months after Soane appeared in Britt's case. So there was no contemporaneous representation. The only contemporaneous representation possibly was maybe this failure to respond to Britt when Britt supposedly contacted Soane. That is described in post-conviction counsel's affidavit. And there's questions about that, because of course, at trial, Britt said, went on direct examination. He was asked, you know, what did you do when you found out about this conversation? He said, I went and talked to the lawyer. He didn't say talk to, you know, counsel Soane. He also... Let me ask you this, counsel. If we were to determine that there was contemporaneous representation, as Justice Harris was asking about, what would be the benefit of remanding for a third stage hearing? I guess the state's position would be that that would be the purpose of a third stage hearing, to determine whether there was contemporaneous representation. And we're saying that there was not. We only have these three instances. There are questions raised because of what Britt said in his testimony at trial, because of counsel Soane's representation in his motion only said, I was appointed to represent Britt. And the record, the docket sheets in Britt's case, show that it was the public defender's office that was appointed, and that many different public defenders, assistant public defenders, represented Britt. And none of that occurred while Soane represented defendant. I'm not sure that I understand the position of the two parties here in that regard. And I just want to nail this down if I can. It's my understanding from Ms. Wilhelm's argument that once it has been established that there has been contemporaneous representation, it can be simply a matter of the docket sheet showing Soane, you're appointed to represent Britt, and there not having been any subsequent conversations between the two of them, that evidence of contemporaneous representation is sufficient alone to require reversal. And from the state's side, he's saying we have to delve into the extent of the representation to know whether or not there was any prejudice. Does prejudice come into it? And is that the value of a third stage evidentiary hearing here? Well, of course, as Your Honor is aware, the cases say the prejudice doesn't come into it. Right. So I don't understand then how the extent of the representation then would be germane and what the value of the third stage would be. It gets into whether or not the representation contemplated by the first state conflict rule really happened here. I mean, what is representation? We can get into the semantics of that. But, for example, you know, the public defender's office is appointed to represent Britt. Counsel is supposed to go in and one of them, one of the assistant public defenders, goes in on some hearing. Then there's another hearing that's kind of a minor hearing, and another assistant public defender goes in. Are all of those people, is that representation? Is that sufficient to trigger the first state conflict rule? You know, what is the extent? And here we don't know what the extent is because we only have three instances. Two of them were directed, and that's something else that comes up in this case that was not at issue in Fields and Dobson and Murphy. Counsel tried to withdraw and was successful in withdrawing or the public getting an appointment of counsel other than the public defender. I mean, what is counsel supposed to do? He learns about this potential conflict, he moves to withdraw, and then later on he represents defendants. But, counsel, how can you say that those questions exist when we know that So it seems to me all this discussion about various assistant public defenders appearing really is just the primrose path, so to speak. I mean, we know he represented him. We know that he appeared. Well, I'm not sure what you're saying, Your Honor, because at the time that he did appear in court on Britt's behalf, that was months before defendant's case even started. So there was no contemporary niece representation at that time. Was Sohn representing Britt at the time, Britt and the defendant in this case, Mr. Jones, at the time that they selected a jury? No. No, he was not. What about in the DT case and the other case? The jury was selected on the 9th, is that right? That would be another thing that an evidentiary hearing, if the court has any question about this, would be helpful to resolve. I didn't think I had any question, but maybe you're giving me some, so I want to make sure I'm clear here. The trial court found that Sohn never represented Britt in the DT case. Those were traffic cases. He said that there were other attorneys who represented Britt in that case, and it was March 2nd when the motion to appoint counsel other than the public defender was granted. It was granted in 03-CF42, I think in 04-CF700, but in 98-DT229 and 2003-TR8473, the amended agreed order to appoint a different counsel was entered on March 16th. You told me that on March 7th the jury was selected in Mr. Jones' case and then it was adjourned and they didn't get started until March 16th, which would have been the same day that the order was entered in the DT and the TR case. So how is that not contemporaneous representation? Sohn was out of the case before then. He didn't file or sign the agreed order. The trial court found in dismissing the petition that he didn't represent him in those cases. So the court entered an order that was unnecessary? It wasn't mentioning Sohn. It was mentioning the public defender's office. And again, these orders get entered, and are we going to just go on that alone and say, ah, per se conflict? These are things that, again, could be explored in an evidentiary hearing if there are questions as to what the extent of the involvement was, if any. Isn't there value in giving the nature of the rights at stake and the spirit behind this rule that it's not too much to expect that lawyers will do a conflict check and we will just have this per se bright-line rule so that we don't have to delve into let's define representation and let's define what you have to do before it's actually considered representation. I mean, isn't that the whole purpose? We should define what is representation, and we should also take into account the practicalities of trials, as Your Honors are well aware of those practicalities. What is defense counsel supposed to do? He learns of the potential conflict, moves to disqualify the public defender's counsel, argues that motion, and he's out of the case. And we have to remember, too, that this case, of course, is on second-stage post-conviction review. It's not decided after third-stage evidentiary hearing as in Dobson. It's not on direct appeal as in Murphy and Fields. So we have distinguishing factors here, and we have how are those principles that are announced as to per se conflict, how do they apply in these different factual circumstances? And we would argue that there is no substantial showing and that if the court has any question, it should remain for an evidentiary hearing. Thank you very much. Any rebuttal? I'd just like to begin by answering a question that opposing counsel asked. What was defense counsel supposed to do? He was supposed to give undivided loyalty to Tyson Jones. That was the purpose of this trial, for Tyson Jones to have a trial with the undivided loyalty of counsel, for him to know that the person sitting next to him was going to vigorously cross-examine all the witnesses against him, that that person was completely and totally on his side. There seems to be some opposing counsel said that cases say that we look at counsel's involvement in defendant's cases, but as I pointed out in my reply brief, there are no cases that stand for a de minimis rule, that if you just represent him a little bit, it's not a per se conflict of interest. What the trial court found here was that the public defender's office was relieved from representing Britt on his felony case on March 2nd and on his DUI case on March 9th. And while there may have been a conflict of interest, the public defender's office acted promptly to resolve that conflict. But acting promptly to resolve the conflict isn't the test here. There was contemporaneous representation. And even once you've appointed new counsel for Britt, there's still prejudice to my client, Tyson Jones. And I would like to just remind this court of its words in Dobson, the attorney-client privilege continues even after formal representation ends. The fact that a lawyer no longer represented the witness at the time of the defendant's trial did not allow him to elicit privileged information obtained during his prior representation of the witness. Whether such information existed or would have been useful to the defense is irrelevant because such questions concern whether the conflict resulted in prejudice. And as we have previously explained, prejudice is beyond the scope of the per se conflict rule. I'm not up here arguing actual conflict. That's in my brief. But I am arguing today the per se conflict of interest. To show per se conflict of interest, again, contemporaneous representation without a waiver. And that has been clearly shown in this record. So do we need to go back and define what contemporaneous representation means? Contemporaneous representation is that William Stone represented my client and he represented a state witness against my client at the same time. That is contemporaneous representation. How many times did he appear in court? Honestly, it's not what he did in the courtroom that concerns us in this case. It's the conversations that he could have had outside of the courtroom. And that problem is we don't know what they are. Going back to Justice Hirsch's question several minutes ago, if there's simply a docket entry, is that representation? Docket entry by the court, counsel appointed. That's enough? A docket entry shows that he did represent him, that he was appointed on his case. But again, what happens in the courtroom isn't the problem. So the court writes down a docket entry, Mr. X is appointed counsel, he represented counsel. He represented that client. Yes. That's your position? We have appointment orders in this case that show that he was appointed, that William Stone was appointed for Stone and he was appointed for Tyson. I'm sorry, William Stone was appointed for Britt and appointed for Jones. And we also have his motion saying he was appointed on both of these cases, that he had a conflict and that he needed to be removed of that conflict. The problem again, had they taken him off my client's case, we wouldn't be here today. So if you're appointed as counsel and the only thing you do is file a motion to be removed as counsel, that's representation? Under the per se conflict rule, yes. Wow. Because, again, we're looking, I'm not required to show actual prejudice at this point. That is for the actual conflict. I'm not required to show prejudice. Per se conflict rule, contemporaneous representation, which we have in this case. There is no de minimis rule. And even if there were, it certainly wouldn't apply in this case, where we have him continuing to represent him on cases up until the jury had been impounded. So even if there is such a rule for which there is no case law, it's certainly not supported by the facts of this case. I would ask that this court reverse my client's conviction and send him back for a new trial with conflict-free counsel. Thank you. Thank you, Ms. Wilhelm. Thank you, Ms. Shepard. The case is submitted and the court stands in recess.